MEYER v. BERGHOLZ.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

1. APPEAL—NEW TRIAL—REVIEW OF EVIDENCE.
   Where there is no order in the record denying a new trial, the facts are not open to investigation on appeal.

2. ACTION ON NOTE—DEMAND AND NOTICE—WAIVER.
   An allegation in a complaint that, before the maturity of the note sued on, defendant, an indorser, waived presentment and demand of payment and notice of nonpayment by the maker, is sufficient to entitle plaintiff to give evidence of the facts constituting the waiver; it not being necessary to allege the facts in detail.

Appeal from trial term, New York county.

Action by J. F. Otto Meyer against William R. Bergholz. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, RUMSEY, and PATTERSON, JJ.

J. A. Hodge, Jr., for appellant.
Edmonds Putney, for respondent.

PER CURIAM. The effort is made on this appeal to review the action of the trial court in directing a verdict for the plaintiff in an action against the indorser of a promissory note. The defendant set up as an affirmative defense that, by an agreement made with the plaintiff, the holder of the note, he had been discharged from liability as an indorser, and a new note had been given in substitution for

that sued upon in this action; that the new note was not indorsed by him, and that a new consideration was given for his release from liability as indorser upon the note in suit. The facts are not open to investigation by us, for there is no order in the record denying a motion for a new trial, and we cannot review the direction of a verdict, for no exception was taken to the action of the court in directing a verdict.

There is an exception in the record to the refusal of the court to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. It is alleged in the complaint that, before the maturity of the note sued upon, the defendant waived presentment of the note and demand of payment and notice of nonpayment of the same. The objection to the complaint is not insisted upon on this appeal, but, even if it were, we think the allegation was sufficient to entitle the plaintiff to give evidence of the facts constituting the waiver, which he might have done but for the fact that the defendant assumed the burden of establishing the affirmative defense, and thus dispensed with the necessity of the plaintiff making proof of the waiver.

The judgment should be affirmed, with costs.